IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 1, 2017

## IN RE ESTATE OF ALYS HARRIS LIPSCOMB

**Appeal from the Probate Court for Shelby County**
**No. PR-1541      Karen D. Webster, Judge**

_____

### No. W2016-00881-COA-R3-CV

_____

The administrator of an estate appeals the trial court's award of attorney fees to a beneficiary in a contempt action filed by him against the beneficiary. We reverse, holding that the trial court abused its discretion in its award of attorney fees because the fees awarded did not inure to the benefit of the estate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Kenneth P. Jones, Memphis, Tennessee, for the appellant, Scott B. Peatross, Administrator of the Estate of Alys Harris Lipscomb.

Robert L. J. Spence, Jr. and Kristina A. Woo, Memphis, Tennessee, for the appellee, Carnita F. Atwater.

## OPINION

### I.      BACKGROUND

Alys H. Lipscomb, M.D. ("Decedent") died at the age of 98 on May 21, 2014. Her death has resulted in years of protracted litigation concerning the administration of her estate, valued at approximately $2.9 million. This action is one of many concerning Carnita F. Atwater's ("Beneficiary") status as a beneficiary of the estate following her long-term care of Decedent and resulting relationship with her.

Scott B. Peatross ("Administrator"), serving as the administrator of the estate, filed the petition for contempt that is at issue in this case on October 1, 2015, alleging that

Beneficiary violated the trial court's temporary restraining order, entered on July 3, 2014, and then extended on August 31, 2014, against Beneficiary. The July 2014 order, provided, as pertinent to this appeal, as follows:

> [Beneficiary] is hereby ORDERED not to transfer, spend, or dispose of any asset described in the Verified Complaint and formerly owned by [Decedent] or any asset purchased, in whole or in part, with funds that belonged to Decedent.

The temporary restraining order was then extended by consent through the trial of the matter. In the petition for contempt, Administrator alleged that Beneficiary listed several items, either owned by Decedent or paid for with Decedent's funds, on an estate sale website for sales held on May 9 and August 2, 2015, in violation of the court's order. He sought a finding of contempt, an assessment of damages, and an order directing Beneficiary to "provide an inventory of any and all items purchased, in whole or in part, with funds that belonged to [Decedent], which [she] sold, transferred, disposed of, through the [website] or otherwise."

Beneficiary denied wrongdoing, claiming that she has been in the business of selling antiques, household furniture, and other items at community sales and flea markets for years. She asserted that none of the items at issue were actually sold, that some of the items were owned by her, and that other items were inadvertently or mistakenly uploaded to the website. She attached photographs of several items at issue in an attempt to establish her continued possession. Further, she agreed that she would refrain from selling items that qualified as contested property without prior permission.

The case proceeded to a hearing on November 12, 2015, at which Administrator identified the advertisements and photographs listed on the website. In turn, Beneficiary confirmed that none of the items at issue were actually sold. Following the hearing, the court denied the petition, finding that while Beneficiary had violated "the spirit" of the restraining order by attempting to effect a sale, transfer, or disposition of estate property, she had not violated the words set forth in the order because no items at issue were sold. The court further ordered Beneficiary to provide a written full and complete inventory of any and all items of property "purchased, in whole or in part, with funds that belonged to [Decedent]; and including a full and complete inventory of any and all items of such property which [Beneficiary] has sold, transferred, or disposed of, through [the sales website] or otherwise."

On March 18, 2016, Beneficiary filed a petition for attorney fees incurred in her defense of the petition for contempt with an attached affidavit setting forth the time records for services rendered, in a total amount of $8,459. Administrator objected to the

request for attorney fees, claiming that the services rendered benefited her personally, not the estate. The court granted the petition, in part, finding as follows:

> [I]n order to better address the offensiveness of [Beneficiary's] actions which led to the contempt proceedings, it is fair and equitable to require the Estate to pay half of [Beneficiary's] attorney's fees and for [Beneficiary] to pay the other half. Thus, [Beneficiary] is awarded attorney's fees paid from the Estate in the amount of $4,229.50.

The court certified the judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[1] Administrator filed a timely appeal.[2]

## II.     ISSUES

The sole and determinative issue on appeal is whether the trial court abused its discretion in its award of attorney fees incurred by Beneficiary in her defense of the contempt petition.

## III.     STANDARD OF REVIEW

"A trial court's ruling for reimbursement of attorney's fees out of an estate is reviewed under an abuse of discretion standard." *In re Estate of Ledford*, 419 S.W.3d 269, 277 (Tenn. Ct. App. 2013) (citing *Merchants & Planters Bank v. Myers*, 644 S.W.2d 683, 688 (Tenn. Ct. App. 1982)). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted). Our Supreme Court provided further guidance on this topic by stating as follows:

> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly

---

[1] "When more than one claim for relief is present in an action . . . or when multiple parties are involved, the court . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

[2] Administrator then filed a motion to alter or amend three days later, asking the court to remove the language certifying the judgment as final pursuant to Rule 54.02. The court did not rule upon the motion, presumably because it no longer held jurisdiction.

supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness.

*Id.* (citations omitted).

## IV. DISCUSSION

Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor*, 158 S.W.3d at 359; *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). Our Supreme Court has held that attorney fees may be awarded to someone other than the administrator of an estate when the services "inured to the benefit of the entire estate as distinguished from services rendered to individuals claiming an interest in the estate." *Pierce v. Tharp*, 455 S.W.2d 145, 149 (Tenn. 1970) (citation omitted).

Administrator requests reversal of the attorney fee award, arguing that the fees did not benefit the estate and that the court did not find otherwise in support of its award. Beneficiary responds that her defense of the petition, inter alia, led the court to order Administrator to prepare an inventory of personal property pursuant to Tennessee Code Annotated section 30-2-301(a)[3] and otherwise aided the court in the proper administration of the estate. She further asserts that the fees awarded fall within the bad faith exception to the American Rule because Administrator filed the petition without sufficient knowledge of the claims alleged and presented no evidentiary support for the petition at

---

[3] "The personal representative, within sixty (60) days after entering on the administration of a testate or intestate estate, shall make a complete and accurate inventory of the probate estate of the deceased, and return the inventory to the clerk of the court exercising probate jurisdiction in the county of the estate, and verify it by the personal representative's oath before the clerk or before any person authorized by law to administer oaths in such cases whether within or without the borders of the state."

the hearing. Administrator issues a reply brief in which he asserts that the court ordered Beneficiary to submit an inventory, not him and that no "bad faith" exception exists in Tennessee, a claim which she also neglected to allege in her fee petition. He alternatively responds that the petition was not filed in bad faith as evidenced by the fact that Beneficiary listed contested property for sale.

Our review of the record reveals that the court ordered Beneficiary to draft an inventory in an attempt to ensure that the estate property remained in the estate until further proceedings were held. The court further advised Beneficiary at the hearing that all estate property would be surrendered to the control of the personal representative and that any contested items would be ruled upon at a later date. While we agree that the court's ruling benefitted the estate, the record reflects that the services at issue were rendered in defense of Beneficiary's actions, not for the benefit of the entire estate. Notably, the court did not find otherwise.

We also agree with Administrator that Beneficiary did not allege "bad faith" in support of her request for attorney fees. The record does not support a finding of bad faith when the court specifically reduced the amount requested by Beneficiary based upon the "offensiveness" of her actions. With the above considerations in mind, we hold that the court abused its discretion in awarding attorney fees. We reverse the court's award of attorney fees.

## V.    CONCLUSION

We reverse the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellee, Carnita F. Atwater.

_____
JOHN W. McCLARTY, JUDGE

- 5 -